M. C. LUCAS *v.* FIDELITY TRUST AND SAFETY VAULT CO.

H. TOBE *v.* FIDELITY TRUST AND SAFETY VAULT CO.

[Abstract Kentucky Law Reporter, Vol. 7—593.]

**Service of Process on Minors.**

Where a suit is brought against a widow and minor children by creditors of her husband's estate to settle such estate, service of process on the mother and upon a trust company, which is administrator of such estate, is not service on such children. Process served on the guardian of children not over fourteen years of age is sufficient.

**Parties Properly Before the Court.**

The failure of the statutory guardian to file a report or to have one filed by a guardian ad litem can not avail a purchaser of the property sold under a decree, where all the necessary parties are before the court.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 13, 1886.

OPINION BY JUDGE HOLT:

Herman Brands died, leaving a wife and six children, all the latter being infants and four of them being under fourteen years of age. The mother qualified as the guardian of all of them. This action was brought by a creditor of the decedent under Civ. Code 1876, § 428, for the settlement of his estate. The widow and children were made defendants, and the summons which issued was properly served upon the two children who were over fourteen years of age, but as to those under age it was only served upon the Fidelity Trust and Safety Vault Co., as their guardian. This company was not their guardian, but the administrator of their father; and this service as to the children under fourteen is manifestly not sufficient. The administrator, however, filed an answer and cross-petition, to which the widow and children were also made defendants, and the summons which issued upon it was served upon the mother, as the guardian of all the children, as the return shows, the husband being dead. This service was sufficient as to the four, who were under fourteen years of age, but insuffi-

cient as to the two over that age. All of them were, however, properly before the court upon either the petition or the cross-petition. Both of them described the real estate of the decedent; each asked a reference to a commissioner to ascertain whether its sale were necessary and a settlement of the estate and all other proper relief. In fine, each asked the same relief.

The appellants, Tobe and Lucas, who purchased portions of the real estate sold under the decree, now complain of a judgment requiring them to comply with the terms of the sale and claim that their title will be imperfect because the infants were not properly before the court when the judgment was rendered. Both the petition and cross-petition sought a settlement of the estate. It was one action. Either a creditor or the personal representative could maintain it. The judgment was upon both the petition and cross-petition; and as all the necessary parties were before the court by a summons, under one or the other properly served, they were parties to the action. The failure of the statutory guardian to file a report or to have one filed by a guardian ad litem can not avail a purchase of the property sold under the decree. *Simmons v. Mc-Kay*, 5 Bush (Ky.) 35. Perceiving no error in the judgment it is *affirmed*.

*M. A. and D. A. Sachs, Goodloe and Roberts, for appellants.*
*Helm and Bruce, for appellee.*